UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MAJOR CALHOUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14 CV 88 CDP |
| | ) |
| CORIZON CORRECTIONAL HEALTH CARE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Major Calhoun (registration no. 1006811), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $58. See 28 U.S.C. § 1915(b)(1). Additionally, the Court finds that the complaint fails to state a claim. Rather than dismissing the case, however, the Court will allow plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $288, and an average monthly balance of less than $288. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $58, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs. Plaintiff alleges that he suffered an injury to his right wrist in 2011. His wrist was X-rayed, and a prison doctor told him that he suffered a simple sprain. Plaintiff

says he actually had a fracture "resulting in a bone being chipped." Plaintiff claims he requested help from defendants for two years because the pain in his wrist continued to get worse.

Plaintiff asserts that his wrist was X-rayed a second time in 2013. The X-ray revealed that "his condition had become more serious." Plaintiff saw an outside doctor, and he claims that the doctor told him he should have had surgery soon after his wrist was fractured. Plaintiff alleges that defendants were deliberately indifferent to his wrist pain and that he will suffer unnecessary pain for the rest of his life.

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. It is not sufficient for plaintiff to allege that "defendants" withheld medical care from him. He must allege specific facts about each defendant individually to show direct responsibility for the alleged harm As a result, the complaint fails to state a claim upon which relief can be granted.

In order to state a claim against defendant Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993). Plaintiff has not alleged that a policy of Corizon led to his injury. Therefore, the complaint does not state a plausible claim against Corizon.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended

complaint.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $58 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Memorandum and Order.  If plaintiff fails to file an amended complaint, the Court will dismiss this action without prejudice.

Dated this 9th day of September, 2014.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE