UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MAJOR CALHOUN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:14CV88 CDP |
| CORIZON CORRECTIONAL HEALTH CARE, et al., | ) ) ) ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

This matter is before me on review of this action under 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), I must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff sues defendants under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs. Plaintiff alleges that he fractured his wrist in 2011, and he claims

that despite an X-ray showing the fracture, his doctor told him he only had a sprained wrist and failed to treat it. Plaintiff says he complained to defendants that his pain was worsening but that they refused to treat him. And plaintiff states that in 2013 he was seen by an outside surgeon who told him that he should have had surgery shortly after the injury occurred.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993).

Plaintiff has not alleged that a policy or official action of Corizon caused his injury. As a result, I will dismiss Corizon for failure to state a claim upon which relief can be granted.

Plaintiff claims that each of the individual defendants knew of but disregarded his injury. Therefore, I will direct the Clerk to serve process on these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Corizon Correctional Health Care is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on defendants Roschell Davis, Kendis Archer, Keven Bredeman, and James Hurley. The Clerk should serve defendants Davis, Archer, and Bredeman in accordance with the Court's agreement with Corizon, Inc. The Clerk should serve Hurley in accordance with the Court's agreement with the State of Missouri, Department of Corrections.

Dated this 4th day of November, 2014.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE