UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MAJOR CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14CV88 CDP |
| ) | |
| CORIZON CORRECTIONAL HEALTH ) | |
| CARE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for appointment of counsel. The motion is denied without prejudice.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Having considered these factors, I will deny the motion for now. Plaintiff requests counsel on the basis that the Clerk sent him a letter directing him to submit the addresses of two Corizon employees. He believes that if he asks prison officials for the addresses of these persons, he will be sent to administrative segregation. The letter was sent by mistake, and the Court has obtained the addresses of these Corizon employees on its own.

Moreover, the complaint is well pleaded, and the factual and legal issues in this case are not so complex that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 25] is **DENIED** without prejudice.

Dated this 19th day of December, 2014.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE