# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MAJOR CALHOUN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:14CV88 CDP |
| CORIZON CORRECTIONAL HEALTH CARE, et al., | ) ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter comes before me on defendant James Hurley's motion to dismiss for failure to state a claim upon which relief can be granted. The motion is granted.

Hurley is the Warden at the Northeast Correctional Center. In this action under 42 U.S.C. § 1983, plaintiff sues Hurley in both his official and individual capacities. Plaintiff alleges that he suffered a serious wrist injury in 2011 that was misdiagnosed as a simple strain. He says that the medical defendants caused him unnecessary pain by ignoring his complaints for about two years, until his wrist was X-rayed again sometime in 2013. He claims that an outside surgeon performed surgery on his wrist sometime in 2014. He alleges that the surgeon told him he needed surgery back in 2011.

Plaintiff asserts that he sent a letter to Hurley on September 18, 2013, telling Hurley about his wrist condition. He also says Hurley was made aware of the injury through the grievance system. He alleges that "[Hurley] delayed necessary medical treatment and/or prevented Plaintiff from receiving needed and/or recommended medical treatment, and also failed to act on behalf of Plaintiff to ensure he received proper treatment, all with a reasonably culpable state of mind."

Hurley argues that the complaint should be dismissed because plaintiff's official-capacity claims are barred by the Eleventh Amendment, because plaintiff's claims sound in *respondeat superior*, and because plaintiff has failed to state a plausible claim under the Eighth Amendment for deliberate indifference.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. *Gregory v. Dillard's*, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. *Id.* at 710. However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a claim for relief under § 1983, a complaint must plead more than "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.*

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against Hurley in his official capacity.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and

2

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, to the extent that plaintiff suggests that Hurley is liable under the theory of *respondeat superior*, the complaint fails to state a claim upon which relief can be granted.

To the extent that plaintiff alleges Hurley is responsible because of his participation in the grievances process, the complaint fails to state a claim. "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

Plaintiff's Eighth Amendment allegations against Hurley do not plead more than "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. He does not allege any facts showing that Hurley interfered with the medical staff or his treatment. He claims that Hurley is responsible "in that his position as Warden of N.E.C.C. demands direct responsibility to ensure that Plaintiff is provided with proper health care within the meaning of the Constitution." Defendant argues that he cannot be liable because he does not have the expertise to question the medical staff's decisions. *See Meloy v Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) ("A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions."). Hurley is correct. Plaintiff's allegations against him are conclusory and do not show his direct responsibility for plaintiff's alleged injuries. As a result, I will dismiss Hurley from this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendant James Hurley's motion to dismiss [ECF No. 41] is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant James Hurley is **DISMISSED** from this action without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 28th day of April, 2015.

                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE