UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MAJOR CALHOUN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14 CV 88 CDP |
| | ) |
| CORIZON CORRECTIONAL | ) |
| HEALTH CARE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a pro se § 1983 action in which plaintiff Major Calhoun alleges defendants, who are health care providers at the correctional facility where Calhoun was housed, violated the Eighth Amendment by failing to deliver adequate medical care for his injured wrist. Before me now are defendants' motion for summary judgment, two motions to compel discovery filed by plaintiff, and a motion for default judgment filed by plaintiff. For the reasons discussed below, I will grant defendants' motion for summary judgment and deny the remaining motions.

## Defendants' Motion for Summary Judgment

In their motion for summary judgment, defendants argue that Calhoun cannot demonstrate they acted with deliberate indifference in relation to the medical treatment of his right wrist.

On March 23, 2016, I issued a Memorandum and Order granting Calhoun additional time to file a supplemental response to defendants' motion for summary judgment. In that order, I discussed the facts of the case based on the evidence before me and concluded that Calhoun had not submitted evidence sufficient to defeat defendants' motion. However, I acknowledged that Calhoun claimed to have recently been in administrative segregation for an extended period without access to his legal documents, and so I granted him additional time, nearly two months, to file a supplemental response to defendants' motion.

I am adopting the facts I set out in my March 23, 2016 Memorandum and Order and will only summarize them as needed here. In short, Calhoun's claim in this case is that he was not provided adequate or timely medical care for a fracture in his wrist. He claims that his injury was apparent and should have been treated with surgery in 2011. Instead, he was treated with pain medication and a wrist sleeve. When Calhoun complained about his wrist to prison medical personnel again in 2013, he was referred to an orthopedic doctor, Dr. Wilson, who treated him non-surgically at first. When this did not work, Dr. Wilson performed surgery to attempt to relieve Calhoun's pain. In his verified complaint, Calhoun claims that Dr. Wilson told him surgery was indicated in 2011 and if it had been done at that time his condition could have been corrected. Because it was not done, Dr. Wilson told Calhoun he would likely suffer severe wrist pain for the rest of his life.

Calhoun submitted no evidence of Wilson's opinion other than his own statements in the verified complaint. In my March 23 Order, I noted that even assuming Calhoun's statements about what Dr. Wilson told him were admissible, at most it would demonstrate that the conservative medical treatment he received from defendants in 2011 was medical malpractice, not deliberate indifference. I noted that in order to defeat defendants' summary judgment motion, Calhoun needed to prove that in 2011 defendants knew that failing to surgically treat Calhoun's wrist created an excessive risk to his health, and that they failed to act on that knowledge. I also stated that in any supplemental response, Calhoun must include a response to each numbered paragraph of Defendants' Statement of Uncontroverted Material Facts and for any facts he disputed he must provide evidence contradicting the facts asserted by defendants.

To supplement his response to summary judgment, Calhoun first filed a document titled "Plaintiff's Response to Defendants' Statement of Uncontroverted Material Facts in Support of Defendants' Motion for Summary Judgment and Submits Plaintiff's Motion of Uncontroverted Material Facts and Motion for Summary Judgment." Next, he filed a documented titled "Plaintiff's Supplemental Complaint in Response to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Motion for Summary Judgement." In short, in both of these responses, Calhoun failed to provide any evidence indicating defendants knew that

not performing surgery on his wrist in 2011 created an excessive risk to his health. He also failed to include a response to each numbered paragraph of Defendants' Statement of Uncontroverted Material Facts. Even construing the evidence in a light most favorable to Calhoun, neither of his filings raises an issue of material fact sufficient to defeat summary judgment. *See Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013) ("Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law"). However, in his "Plaintiff's Response" filing, Calhoun discussed and disputed portions of the defendants' statement of material facts. He made two arguments regarding his medical treatment that I will address briefly here.

First, Calhoun attached to his filing a number of medical records that plaintiffs did not file with court, including "Lab/X-Ray Results" from three sets of x-rays that were done on his wrist in November 2011, May 2013, and July 2013.[1] With regard to these records, Calhoun makes much of the fact that in the November 2011 document, his x-ray results were indicated, through the use of a check-box, to be within acceptable limits, but in the document from May 2013 the results (despite Calhoun's injury being the same) were indicated to be outside acceptable limits. Calhoun's analysis stops there, but it is notable that the third

---

[1] Calhoun also attached a similar document for an x-ray taken in February 2012, but there is no indication that the x-ray was taken of his wrist, therefore, I will not discuss the document here.

document, regarding a wrist x-ray taken in July 2013, indicates that his results were once again within normal limits, despite no change in his injury. Calhoun appears to believe that the discrepancy between these documents is indicative of a constitutional violation. The discrepancy is confusing but does not signal an Eighth Amendment violation. As discussed in my March 23 Memorandum and Order, the facts show that following each of these x-rays, Calhoun received progressive medical care in an attempt to relieve his wrist pain. This undisputed evidence proves the defendants were not deliberately indifferent to his medical need. In fact, the undisputed evidence shows that defendants continued providing treatment.

Next, Calhoun seems to argue that he was denied pain medication in violation of his Eighth Amendment rights beginning in May 2013. But a review of the records shows that even if defendants did not provide pain relief that was as immediate or absolute as Calhoun would have liked, there is no indication that their treatment of his pain was unconstitutional. Notes from medical consultations regarding Calhoun's wrist in May 2013 indicate he reported his pain as mild. [ECF 82-1, p. 11-12]. He was fitted with a wrist splint and provided acetaminophen.[2] [*Id.* at 13]. When Calhoun complained of ongoing wrist pain in July 2013, Dr.

---

[2] There is some suggestion in the record that Calhoun was still on Tramadol, a narcotic painkiller, at this time. A note in the record from August 2013 states that he had recently attempted to wean himself off of Tramadol.

Wilson was contacted. From August to October 2013, Calhoun's pain was treated with steroid injections, a brace, and over-the-counter pain medication. [*Id*. at 21-22, 24]. In October 2013 Calhoun reported his pain was moderately controlled on his current analgesic regimen. [*Id*. at 27]. In November 2013, after Calhoun complained in late October that his current medications were not relieving his pain, Dr. Archer prescribed Tramadol in addition to ongoing steroid injections. [*Id*. at 33]. In December 2013, Dr. Archer renewed Calhoun's prescription for Neurontin in response to his complaints of wrist pain. [*Id*. at 35] After that, it is unclear whether Calhoun continued to receive prescription pain medication, and it appears that prescription medications may have been withheld due to an administrative misunderstanding. [*See* ECF 82-3, p. 8]. In any case, however, at a January 14, 2014 visit, Calhoun was provided acetaminophen in response to his complaints of wrist pain [ECF 82-1, p. 41], and in late January 2014 the administrative problem with his prescriptions was identified and corrected by NECC staff. [See ECF 82-3, p. 8]. None of this rises to the level of deliberate indifference to Calhoun's pain. *See Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011)("[t]he level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness").

Calhoun's "Supplemental Complaint" filing alleges various facts about his medical care that are entirely unrelated to his wrist. It is not clear what effect

Calhoun wants this document to have. If it is intended to supplement his response to summary judgment, as I have noted, it does not succeed in defeating defendants' motion. If Calhoun intends it as a motion to file an amended complaint, his motion is denied. This case is now two years old and fully briefed for summary judgment; discovery has been closed for over a year. Permitting the complaint to be amended would require additional discovery, cause significant undue delay, and prejudice the defendants. *See Hammer v. City of Osage*, 318 F.3d 832, 844-45 (8th Cir.2003) (leave to amend should be denied where there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment")(quoting *Becker v. Univ. of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999)).

### **Plaintiffs' Motions to Compel and Motion for Default Judgment**

Calhoun has filed two motions to compel discovery responses and one motion for default judgment alleging that defendants' failure to respond to discovery and to his amended complaint mandates default judgment against them. After a review of the motions to compel and defendants' responses, I conclude that Calhoun has received all discovery he was entitled to, and his motions to compel are denied. Similarly, there is no evidence that defendants failed to properly

respond to discovery or to any amended complaint, therefore Calhoun's motion for default judgment is also denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [80] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [113], second motion to compel [116], and motion for default judgment [129] are **DENIED**.

A separate judgment is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2016.